IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AMERICAN UNITED LIFE INSURANCE COMPANY, | )<br>)<br>) |
| *Plaintiff*, | )<br>)<br>)<br>) |
| v. | ) Case No. 2:18-cv-198<br>)<br>) |
| GEORGE R. WOODWARD, JR., ROBERT WOODWARD, JOHN A. WOODWARD, GEORGE R. WOODWARD, SR. and REES FUNERAL HOME, BRADY CHAPEL, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| *Defendants*. | ) |

## COMPLAINT IN INTERPLEADER

Comes now Plaintiff, American United Life Insurance Company ("AUL"), by counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and files AUL's Complaint in Interpleader and states as follows:

## PARTIES

1. Interpleader Plaintiff, AUL, is a corporation organized under the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana. It is licensed to do business in the State of Indiana.

2. Upon information and belief, Defendant George R. Woodward, Jr. ("George, Jr.") is a son of Else Woodward (the "Decedent"), and he is currently incarcerated in the Westville Correctional Center, Westville, Indiana.

3. Upon information and belief, Defendant Robert Woodward ("Robert") is a son of

the Decedent, and he resides in Lake Station, Indiana.

4. Upon information and belief, Defendant John A. Woodward ("John") is a son of the Decedent, and he is currently incarcerated in the Westville Correctional Center, Westville, Indiana.

5. Upon information and belief, Thomas Woodward ("Thomas") was a son of the Decedent, but he is deceased as of December 19, 2017.

6. Upon information and belief, Defendant George R. Woodward, Sr. ("George, Sr.") is the ex-spouse of the Decedent, and he resides in Demotte, Indiana.

7. Upon information and belief, Defendant Rees Funeral Home, Brady Chapel, is a business in Lake Station, Indiana.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

9. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1397, and 28 U.S.C. § 1391(b), in that one or more of the defendants reside in this judicial district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

10. The Decedent, a former employee of Tender Loving Care Management, Inc. ("TLC"), had Basic Life Insurance coverage under TLC's plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by TLC and funded by a group insurance policy issued by AUL. A true and correct copy of the Plan document is attached hereto as Exhibit A.

11. At the time of her death, the Decedent was enrolled under the Plan for Basic Life Insurance in the amount of Fifteen Thousand Dollars ($15,000.00) (the "Plan Benefits").

12. AUL, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. § 1104(a)(1)(D).

13. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

14. The Plan document states the following regarding beneficiaries:

BENEFICIARY means the individual, individuals or entity named by the Employee to receive his Life Amount.

Unless this policy provides otherwise, AUL will pay benefits according to the Employee's Beneficiary designation.

\*   \*   \*

CHANGING A BENEFICIARY

The Employee may change a Beneficiary at any time by written request. The request must be completed, signed, dated and filed through the Group Policyholder.

AUL may recognize a beneficiary change as of the date the form was signed by the Employee even if the Employee is not alive when AUL receives it. However, AUL is not liable if benefits are paid according to the previous designation before AUL receives the change. If the Employee applies for an individual life insurance conversion policy under Section 10 Conversion Privilege and names a new Beneficiary, AUL will use any beneficiary designated in that application when determining which beneficiary to pay.

AUL reserves the right to require that any Beneficiary designation be acceptable to it and be made pursuant to applicable laws.

*See* Exhibit A at p. 48 of 57 (bates # Woodward Claim File 000075).

15. The Plan documents also states that if there is no properly named beneficiary,

3

then the closest surviving heirs of the decedent could be paid with the order of preference being to the surviving spouse and then children. *See* Exhibit A at p. 50 of 57.

16. TLC informed AUL that Decedent completed dependent beneficiary information naming her spouse as her beneficiary and identifying George, Sr. as her spouse. However, Decedent did not have dependent coverage, and as a result, Decedent completed the wrong information for any beneficiary and at the time of Decedent's death George, Sr. was no longer her spouse. A true and correct copy of the beneficiary information is attached hereto as Exhibit B.

17. Upon information and belief, Decedent passed away on December 2, 2017. A true and correct copy of the Death Certificate is attached hereto as Exhibit C.

18. After Decedent's death, her children asserted that she would not have named her ex-spouse as the beneficiary, and instead, contend that she intended to name her children.

19. Decedent's children assigned a portion of their interest in the Plan Benefits to Rees Funeral Homes, Inc. ("Rees Funeral Home") in the amount of Eight Thousand Two Hundred Seventy-Three and 40/100 Dollars ($8,273.40). True and correct copies of the Assignments are attached hereto as joint Exhibit D.

20. AUL cannot determine whether a court would find that the dependent beneficiary information incorrectly submitted by Decedent naming her spouse, who was identified as George, Sr. although he was not Decedent's spouse at the time of her death, controls distribution of Plan Benefits or whether instead a court would determine that Decedent's children should receive distribution of the Plan Benefits.

21. AUL cannot determine the proper beneficiary or beneficiaries of the Plan Benefits at issue without risking exposure of itself, the Plan, and TLC to multiple liabilities.

22. If the Court determines the dependent beneficiary information naming George Sr. controls, then Plan Benefits would be payable 100% to George, Sr.

23. If the Court determines that the dependent beneficiary information is invalid, then Plan Benefits would be payable first to Rees Funeral Home, up to the assignment in the amount of $8,273.40, and thereafter in equal shares to George, Jr., Robert, and John.

24. As a mere stakeholder, AUL has no interest in the Plan Benefits and makes no claim to the Plan Benefits other than payment of its reasonable attorney's fees and costs in connection with this action. AUL therefore respectfully requests that this court determine to whom the Plan Benefits should be paid.

25. AUL is ready, willing, and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

26. AUL will deposit with the Clerk of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff AUL requests the Court:

(i) Permit AUL to pay to the Clerk of the Court the Plan benefits, plus any applicable interest, and minus any applicable attorney fees and costs of filing this action;

(ii) Upon receipt of the Plan Benefits by the Clerk of the Court, and upon AUL's filing of a Motion to Dismiss, dismiss AUL with prejudice from this action, and discharge AUL, TLC, the Plan, and the Policy from any further liability for the Plan Benefits;

(iii)  Require that Defendants litigate or settle and adjust between themselves their claim for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid; and

(iv)  Award such other and further relief, including attorney's fees and costs, to which AUL is entitled in law or equity, as this Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: s/ Tina M. Bengs
Tina M. Bengs, IN Bar No. 19751-64
56 S. Washington St., Suite 302
Valparaiso, IN 46383
Phone: 219-242-8664
Fax:    219-242-8669
tina.bengs@ogletreedeakins.com

ATTORNEYS FOR PLAINTIFF

34165672.1