UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AMERICAN UNITED LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:18-cv-198 ) |
| GEORGE R. WOODWARD, JR., *et al.,* | ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Interpleader [DE 11] filed by the plaintiff, American United Life Insurance Company, on August 24, 2018. For the following reasons, the motion is **GRANTED.**

*Background*

This matter arises under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.* Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure. On May 21, 2018 the plaintiff, American United Life Insurance Company, filed an interpleader complaint.

American United has filed the instant motion for interpleader deposit (28 U.S.C. § 1335). American United has alleged that the decedent was a former employee of Tender Loving Care Management, Inc. (TLC) and had basic life insurance coverage under TLC's plan. TLC informed American United that the decedent had completed a dependent beneficiary information form naming her spouse, George Woodward, Sr., as her beneficiary. However, at the time of her death, George Sr. no longer was her spouse. The decedent's children contend that the decedent

would not have named her ex-spouse as the beneficiary, rather she would have intended to name her children as her beneficiaries.

The court held a status conference on October 26, 2018. At the status conference, the defendants were advised as to the motion for interpleader deposit. The court gave the defendants until November 23, 2018 to respond to the motion. The defendants have not filed a response.

*Discussion*

**Federal Rule of Civil Procedure 22** permits interpleader, and states "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Interpleader is meant to allow "a neutral stakeholder, usually an insurance company or a bank, to shield itself from liability for paying over the stake to the wrong party. This is done by forcing all the claimants to litigate their claims in a single action brought by the stakeholder." ***Lutheran Brotherhood v. Comyne,*** 216 F. Supp. 2d 859, 862 (E.D. Wis. 2002) (quoting ***Indianapolis Colts v. Mayor and City Council of Baltimore,*** 733 F.2d 484, 486 (7th Cir. 1984)).

American United has indicated that it cannot determine whether the court would find that the dependent beneficiary information, incorrectly submitted by the decedent naming her spouse as George Sr. although he was not her spouse at the time of her death, controls distribution of the Plan Benefits or if the decedent's children should receive the distribution. American United asserts that by choosing the beneficiary or beneficiaries of the Plan Benefits it would exposing itself, TLC, and the Plan to multiple liabilities. American United represents that it has no claim to the Plan Benefits. Therefore, it requests to deposit the disputed funds with the court and to be dismissed from this action with prejudice.

Additionally, American United has requested to deduct its attorneys' fees and costs from the amount deposited with the court. The determination of whether to allow the deduction of attorneys' fees and in what amount falls within the court's broad discretion. *Lutheran Brotherhood,* 216 F. Supp. 2d at 864 (citing *Trustees of Directors Guild of America–Producer Pension Benefits Plans v. Tise,* 234 F.3d 415, 426 (9th Cir. 2000)). Generally, courts award fees from deposited funds when: 1) the party seeking fees is a disinterested stakeholder; 2) the party conceded liability for the funds; 3) the party deposited the funds into court; and 4) the party sought discharge from liability. *Lutheran Brotherhood,* 216 F. Supp. 2d at 863 (quoting *Septembertide Publ'g v. Stein & Day, Inc.,* 884 F.2d 675, 683 (2d Cir. 1989)). The court concludes that awarding fees and costs to American United is appropriate in light of these factors. American United is a disinterested stakeholder, it has conceded liability for the Plan Benefits, and it seeks to deposit the contested funds and then be dismissed from the interpleader suit it initiated. Additionally, the defendants have not opposed the request for attorneys' fees.

Based on the foregoing and noting the lack of an objection, the court hereby **GRANTS** the Motion for Interpleader [DE 11] and **ORDERS** that:

- American United Life Insurance pay to the Clerk of Court the Plan Benefits, plus any applicable interest and minus any applicable attorney fees and costs of filing this action;

- Upon receipt of the Plan Benefits by the Clerk of Court and upon American United's filing of a Motion to Dismiss, American United shall be dismissed with prejudice from this action, and American United, Tender Loving Care Management, Inc., the Plan, and the Policy are discharged from any further liability for the Plan Benefits;

- The defendants are required to litigate or settle and adjust between themselves their claim for the Plan Benefits, or upon their failure to do so, the court will settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid; and

3

- The Clerk of Court reissue the Magistrate Judge Consent forms, and if the matter is fully consented the Magistrate Judge will conduct a Bench Trial within 90 days.

ENTERED this 19th day of December, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge